UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONELLE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| HUNT PACIFIC MANAGEMENT | ) |
| CORPORATION d/b/a Sand Creek | ) 1:12-cv-0229 SEB-MJD |
| Woods Apartments, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Ronelle Johnson, by counsel, brings this action against Hunt Pacific Management Corporation, d/b/a Sand Creek Apartments for violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq*. ("FHAA"), and for multiple torts in violation of Indiana common law.

**I. PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Ronelle Johnson ("Johnson") is a resident of the Southern District of Indiana, and at all times relevant to this action, leased an apartment at Sand Creek Woods Apartments, in Fishers, Indiana.

2. Defendant Hunt Pacific Management Corporation d/b/a Sand Creek Woods Apartments ("Sand Creek") is a "person" and is engaged in the business of renting apartments for residence, as those terms are defined in 42 U.S.C. §§ 3602 and 3604.

3. This Court has jurisdiction over the subject matter of this case pursuant to 28 USC § 1331, 28 USC § 1332 and 42 U.S.C. § 3613.

4. Sand Creek is located within the boundaries of the Southern District of Indiana, and all

events occurred within the geographic boundaries of the Southern District of Indiana, and venue is therefore proper in this Court.

## II. FACTUAL ALLEGATIONS

5. Johnson leased an apartment at Sand Creek pursuant to a valid lease.

6. Johnson has a handicap, as that term is defined in 42 U.S.C. § 3602(h)(1), (2) and (3), in that she is deaf.

7. Officer Owens ("Owens") is a police officer for the Town of Fishers, and is employed by Sand Creek as a "courtesy officer."

8. In his capacity as a "courtesy officer," Owens is an agent of Sand Creek.

9. On or about February 20, 2010, Owens, dressed in civilian attire, and on duty as a Sand Creek "courtesy officer," rang the doorbell of Johnson's apartment.

10. Owens produced what appeared to Johnson to be a badge, and held it in front of the peephole in Johnson's door.

11. Johnson opened the door slightly in order to obtain a better look at the badge.

12. At that point, Owens, without permission, and without identifying himself or stating his reason for being at Johnson's apartment, pushed Johnson out of the way and entered her apartment.

13. Owens used a piece of paper and pen to write an inquiry regarding an alarm of some type.

14. Johnson had no alarm in her apartment, and was unaware of Owens' meaning.

15. Owens then proceeded to search Johnson's apartment for the "alarm."

16. Eventually, Johnson was able to ascertain that Owens appeared to be inquiring about her alarm *clock*, whereupon Owens abruptly left Johnson's apartment.

17. On February 22, 2010, Sand Creek's Business Manager, Cindy Perkins ("Perkins")

presented Johnson with a "First Notice" of an alleged noise complaint, based on Owens' entry into Johnson's apartment two days earlier.

18. The notice warned Johnson that "[u]pon further complaints eviction proceedings may commence against you."

19. Preceding the February 22, 2010 "First Notice," Johnson had been subjected to repeated false complaints concerning noise emanating from her apartment.

### III. LEGAL ALLEGATIONS

#### A. Federal Claim

#### Count One: Discrimination on the Basis of Handicap

20. Johnson incorporates the factual allegations in paragraphs one (1) through nineteen (19) as though fully set forth herein.

21. Sand Creek harassed Johnson by lodging repeated and unfounded noise complaints against her, and by allowing its agent, Owens, to enter Johnson's apartment without permission, and without identifying himself.

22. Sand Creek's actions discriminated against Johnson in the terms, conditions, or privileges of sale or rental of her dwelling, and/or in the provision of services or facilities in connection with such dwelling, in that similarly-situated, non-handicapped residents were not subjected to unfounded complaints and unlawful and unwanted intrusions.

23. The basis for Sand Creek's discriminatory actions was Johnson's handicap.

24. Sand Creek's actions were intentional, wilful, and done with reckless disregard of Johnson's rights under the FHA.

25. As a result of Sand Creek's unlawful actions, Johnson has suffered damages, including but not limited to fear, apprehension, mental distress, humiliation and loss of privacy.

## B. State Common Law Claims

### Count Two: Negligence

26. Johnson incorporates the factual allegations in paragraphs one (1) through twenty-five (25) as though fully set forth herein.

27. Sand Creek owed a duty to Johnson to properly train and supervise its agent, Owens, to insure that he did not unlawfully enter Johnson's apartment.

28. Sand Creek breached its duty by negligently failing to supervise and train Owens.

29. Sand Creek's breach proximately caused Johnson to suffer damages, including but not limited to fear, apprehension, mental distress, humiliation and loss of privacy.

### Count Three: Battery

30. Johnson incorporates the factual allegations in paragraphs one (1) through twenty-nine (29) as though fully set forth herein.

31. In entering Johnson's apartment without permission and without proper identification, Owens physically pushed Johnson.

32. Owens was acting as Sand Creek's agent, and was acting within the scope of his employment by Sand Creek at the time he engaged in his tortious conduct.

33. Owens' touching was unwanted, and therefore constitutes battery under Indiana common law.

34. Owens' battery proximately caused Johnson to suffer damages, including but not limited to fear, apprehension, mental distress, humiliation and loss of privacy.

### Count Four: Invasion of Privacy – Intrusion

35. Johnson incorporates the factual allegations in paragraphs one (1) through thirty-four (34) as though fully set forth herein.

36. By entering Johnson's apartment without permission and without proper identification, Owens intruded upon Johnson's physical solitude and/or seclusion.

37. Owens was acting as Sand Creek's agent, and was acting within the scope of his employment by Sand Creek at the time he engaged in his tortious conduct.

38. Owens' invasion of privacy proximately caused Johnson to suffer damages, including but not limited to fear, apprehension, mental distress, humiliation and loss of privacy.

## Count Five: Intentional Infliction of Emotional Distress

39. Johnson incorporates the factual allegations in paragraphs one (1) through thirty-eight (38) as though fully set forth herein.

40. Sand Creek's tortious and unlawful actions, in entering Johnson's apartment without permission or proper identification, invading her privacy and committing a battery against her constitute extreme and outrageous conduct.

41. Owens was acting as Sand Creek's agent, and was acting within the scope of his employment by Sand Creek at the time he engaged in his tortious conduct.

42. Owens engaged in his tortious conduct intentionally.

43. Owens' actions proximately caused Johnson to suffer damages, including but not limited to fear, apprehension, mental distress, humiliation and loss of privacy.

## IV. RELIEF REQUESTED

44. Johnson requests that the Court order the Defendant to pay her actual damages caused by Defendant's actions.

45. Johnson requests that the Court order the Defendant to pay compensatory damages for physical and mental pain and suffering, emotional distress, embarrassment and humiliation caused by Defendant's actions.

46. Johnson requests that the Court order the Defendant to pay punitive damages for its wilful, reckless and malicious actions.

47. Johnson requests that the Court order the Defendant to pay pre- and post-judgment interest on all sums awarded.

48. Johnson requests that the Court order the Defendant to pay her reasonable attorney fees and costs of litigating this action.

49. Johnson requests that the Court order the Defendant to provide any and all other relief to which the Plaintiff may be entitled.

## V. DEMAND FOR JURY TRIAL

Plaintiff Ronelle Johnson, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

_____
Jay Meisenhelder, Atty. No. 19996-49
Employment & Civil Rights Legal Services
8206 Rockville Road, Box 322
Indianapolis, IN 46214
Office Telephone:    317/704-2414
Direct Telephone:    317/495-3222
Facsimile:           317/704-2410
Email:               jaymeisenhelder@gmail.com